UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CAUSE NO. 3:17-cr-53 RLM-MGG |
| ) | |
| COLIN JAMES LUNG ) | |

<u>SENTENCING MEMORANDUM</u>

Police found Colin Lung asleep in a car behind the steering wheel in a Wal-Mart parking lot at 5:00 a.m. on May 26, 2017. His sleeve was rolled up, an empty syringe and exposed needle were on his lap. Elsewhere in the car, the police found two stolen handguns, a loaded magazine, extra bullets, more syringes, 15 grams of marijuana, five grams of heroin and four grams of cocaine. Mr. Lung has pleaded guilty to unlawful possession of a firearm. 18 U.S.C. § 922(g)(1). Neither side objected to the presentence report. The court adopts as its own findings ¶¶ 1-99 of the presentence report, specifically including paragraphs ¶¶ 53-81 concerning Mr. Lung's financial condition and earning ability.

Mr. Lung and the government both told the court they had no objections to the conditions of supervision proposed in Part F of the presentence report.

A sentencing court must first compute the guidelines sentence correctly, then decide whether the guidelines sentence is the correct sentence for that defendant. <u>United States v. Garcia</u>, 754 F.3d 460, 483 (7th Cir. 2014). The court applies the 2016 version of the sentencing guidelines.

The base offense level for a felon's possession of a firearm is 14. U.S.S.G. § 2K2.1(a)(6)(A). Mr. Lung's offense level is increased by two levels because the firearms were stolen, U.S.S.G. § 2K2.1(b)(4)(A), then reduced by three levels to reflect his clear and timely acceptance of responsibility, U.S.S.G. § 3E1.1, producing a final adjusted offense level of 13.

The sentencing guidelines assess seven criminal history points for Mr. Lung's previous sentences:

- Two points are assessed for his net 60-day sentence (after his probation was revoked for drug use) in 2012 for misdemeanor marijuana possession. U.S.S.G. § 4A1.1(b).

- One point is assessed for his probationary sentence in 2016 for felony theft. U.S.S.G. § 4A1.1(c). Revocation proceedings pend in state court.

- Two points are assessed because Mr. Lung was still serving his probationary felony theft sentence when he committed this federal crime. U.S.S.G. § 4A1.1(d).

- Two points are assessed for his time served (80 day) sentence in 2016 for midemeanor marijuana possession.

Those seven criminal history points place Mr. Lung in criminal history category IV, so the sentencing guidelines recommend a sentencing range of 24 to 30 months' imprisonment. U.S.S.G. § 5A.

The court decides the sentence under 18 U.S.C. § 3553, United States v. Booker, 543 U.S. 220 (2005). Accordingly, the court turns to the statutory factors, seeking a reasonable sentence: one sufficient, but not greater than necessary, to

2

satisfy the purposes of the sentencing statute. 18 U.S.C. § 3553(a).

The guideline range is the starting point and the initial benchmark, but the court doesn't presume that the recommended range is reasonable. Gall v. United States, 552 U.S. 38, 50 (2007). As just calculated, the sentencing guidelines, which ordinarily pose the best hope, on a national basis, for avoiding unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, 18 U.S.C. § 3553(a)(6); United States v. Boscarino, 437 F.3d 634, 638 (7th Cir. 2006), recommend a sentencing range of 24 to 30 months. The government recommends a 24-month sentence. The defense recommends a sentence that doesn't include a prison term.

Mr. Lung's crime involved a lot more than simply possessing a firearm after a felony conviction. He had two guns, not one; they were stolen and apparently had come into his possession as part of a series of drug transactions. The guns apparently were in a digital safe in the car, but the safe was open. The car apparently was unlocked. Ammunition was easily available in the car, as were syringes and modest quantities of a variety of controlled substances. Mr. Lung's guilty plea spared the government the time and expense of trial and trial preparation.

Mr. Lung is an addict. Before his arrest, he had undergone two rounds of treatment, with the more recent a 90-day program that he left in July 2016 with a glowing report. By the time of his arrest, he was attending a methadone clinic but using marijuana or heroin to address withdrawal symptoms when he missed appointments. After his arrest in this case, Mr. Lung entered a local six-week

residential program with a significant aftercare component, and he reportedly has performed well in that program. Testing by the probation office indicates that he still needs that treatment. He has complied with all conditions of pretrial release.

Mr. Lung is 26 years old. As already noted, he has one prior felony conviction and several misdemeanor convictions; the longest sentence he has served was 80 days. He is unmarried. Mr. Lung's only child was adopted by someone else. His health is good; his mental health is good, though he was treated for anxiety in the past. Mr. Lung is a high school graduate. As would be expected of someone with Mr. Lung's criminal history and substance abuse history, his employment record is spotty, short-term and sporadic.

A sentencing court must consider the need for the sentence to protect the public from Mr. Lung. As this crime shows, if Mr. Lung continues to use controlled substances, society needs protection from him. If he can stay clean and sober, that need vanishes.

The sentencing guidelines ordinarily are the best measurement of the need to reflect the crime's seriousness, to provide just punishment for the crime, and to deter others from committing the same sort of crimes. Mr. Lung contends that the guideline recommendation is high with respect to the need for punishment, pointing to his excellent work in the Choices Recovery program in which he has participated as part of his pretrial release. The court applauds his performance in the Choices Recovery program, but can't ignore that he received just as glowing a report from the program in South Carolina, but ten months later he was asleep in the Wal-Mart parking lot with syringes, drugs, guns and ammunition.

4

Reasonably uniform sentencing practices generally tend to promote respect for the law.

The nature and circumstances of this crime and Mr. Lung's criminal history make a sentence without imprisonment unreasonable. On the other hand, the strides Mr. Lung has taken toward sobriety are impressive and should be recognized in selecting the sentence. Review of the factors specifically set forth in 18 U.S.C. § 3553(a) persuades the court that in light of the need for the sentence to reflect the seriousness of the offense and to provide just punishment and to promote respect for the law, and the range recommended by the guidelines, a sentence of 15 months is sufficient but not greater than necessary to satisfy the purposes of 18 U.S.C. § 3553(a).

An 18-month supervised release term is reasonable because Mr. Lung will need a strong aftercare program upon release from the Bureau of Prisons, and if he doesn't pursue that program and stick with it, society will need a protective set of eyes on Mr. Lung.

Mr. Lung can't pay the fines recommended by the guidelines even if afforded the most generous of installment payment schedules, so the court imposes no fine. A special assessment of $100.00 is mandatory. 18 U.S.C. § 3013.

Accordingly, it is the judgment of the court that the defendant, Colin James Lung, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 15 months.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 18 months. While on supervised release, the

defendant shall comply with the terms of supervision set forth in ¶¶ 100-112 of the presentence report, which paragraphs the court incorporates as part of this sentence. Mr. Lung expressly waived the reading in open court of the conditions of supervision.

Because the defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine recommended by the sentencing guidelines, the court imposes no fine.

The defendant shall pay to the United States a special assessment of $100.00, which shall be due immediately.

Within 72 hours of placement on supervision after release from the custody of the Bureau of Prisons, defendant shall report in person between the hours of 8:00 a.m. and 4:30 p.m to the United States Probation Office in the district for which the defendant has an approved release plan. During this meeting the probation officer is directed to remind the defendant of the conditions of his supervision and also to consider whether to recommend to the Court any modifications of or additions to those conditions in light of any changes in the defendant's circumstances since the sentencing hearing. The Court also directs the Probation Office to notify the Court upon the defendant's placement on supervision, so that it may consider any appropriate modifications to the defendant's supervised release and schedule a hearing on that topic, if necessary.

Without objection from the government, the court finds, by clear and convincing evidence, that the defendant poses no risk of flight or danger to any other person, and so grants the defendant's request for the privilege of voluntary

surrender. The defendant shall report to the facility designated by the Bureau of Prisons, as advised by the U.S. Marshal Service, not later than 9:00 a.m. on January 25, 2018.

    ENTERED:   December 14, 2017


                                   /s/ Robert L. Miller, Jr.
                                  Robert L. Miller, Jr., Judge
                                  United States District Court

cc:    C. Lung
       T. Strickler
       M. Donnelly
       USM
       USPO